**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**PATRICK MORRISON,**

                **Plaintiff,**

        **v.**

**CO FOURNIER, Correctional Officer,
Upstate Correctional Facility,** *et al.*

                **Defendants.**

**9:12-CV-1776
(GLS/DEP)**

---

**APPEARANCES:**     **OF COUNSEL:**

**FOR THE PLAINTIFF:**

PATRICK MORRISON
Last Known Address:
1244 Portland Avenue
(Upper Apartment)
Rochester, New York 14261

**Gary L. Sharpe
Chief Judge**

## DECISION AND ORDER

The court cannot locate *pro se* plaintiff, Patrick Morrison.

Accordingly, it considers *sua sponte* Morrison's noncompliance with this

District's Local Rules by failing to notify the court of his current address

and by not prosecuting his action.

On December 4, 2012, Patrick Morrison filed a 1983 prisoner civil rights action. *See Dkt. No.* 1. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626

(1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On February 25, 2013, the court issued a Decision and Order directing the plaintiff to pay the statutory filing fee of $350.00 in full or submit a renewed IFP Application outlining his current financial condition and demonstrating economic need. *See Dkt. No.* 6. Plaintiff was directed to comply with this Order on or before March 27, 2013. Plaintiff was advised his non-compliance with this order would result in dismissal of his action without further order of the court. Morrison's copy was mailed to his last known address, but was marked return to sender - - Not Deliverable as Addressed, Unable to Forward. *See Dkt. No.* 7.

On April 30, 2013, the Court issued an order directing Morrison to notify the court by May 14, 2013 of his current address and/or verify that his mailing address as listed in the caption of this order. *See Dkt. No.* 8. The court warned Morrison that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). A copy of the order was sent to the last known address of the plaintiff.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes.

*Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute their actions. *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Morrison's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure

4

allows a court to dismiss an action for failure to prosecute. According, it is hereby

**ORDERED** that Morrison's complaint is **DISMISSED** for failure to notify the court of his current address, failure to prosecute and for failure to comply with this court's orders dated February 25, 2013 and April 30, 2013, and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties at the addresses listed in the caption as directed under the local rules; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**SO ORDERED.**

**Dated:** **May 15, 2013**
**Albany, New York**

*Gary L. Sharpe*
Chief Judge
U.S. District Court